EILEEN T. GALLAGHER, J., DISSENTING:
 

 {¶ 59} I concur with the majority's resolution of Krebs's first and third assignments of error. I further concur with the majority's determination that Krebs's failure to yield conviction was not supported by sufficient evidence. However, I respectfully dissent from the majority's holding that Krebs's conviction for failure to comply with a lawful police order was not supported by sufficient evidence.
 

 {¶ 60} In this case, Krebs was convicted of failure to comply with a lawful order of a police officer, in violation of CCO 403.02(A). The ordinance provides:
 

 No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.
 

 {¶ 61} I agree with the majority that CCO 403.02(A) mirrors the language contained in R.C. 2921.331(A). As the majority states, this court has held that R.C. 2921.331(A) is not a strict liability offense and requires the state to prove recklessness.
 
 State v. Elliott
 
 , 8th Dist. Cuyahoga No. 91999,
 
 2009-Ohio-5816
 
 ,
 
 2009 WL 3647081
 
 , ¶ 63-65. R.C. 2901.22(C) provides the following definition for recklessness:
 

 [a] person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.
 

 {¶ 62} In this case, Officer Mercado testified that he parked his police vehicle near the intersection of Prospect Avenue and Huron Road in order to block access to Huron Road. The police vehicle was parked parallel with the crosswalk on Huron Road and its emergency lights were activated in order to bring attention to the closed roadway. While directing traffic, Officer Mercado observed Krebs drive his vehicle around the parked police vehicle in order to access the blocked roadway. Officer Mercado stated that when he observed Krebs begin to turn onto the blocked roadway, he immediately walked towards Krebs's vehicle and unsuccessfully "signaled" for him to stop. According to Officer Mercado, Krebs had to drive onto the sidewalk in order to "squeeze" past the police vehicle.
 

 {¶ 63} Based on the foregoing testimony, I would find the state presented sufficient evidence that Krebs recklessly failed to comply with a lawful order or direction of a police officer who was invested with authority to direct, control, or regulate traffic. Collectively, the evidence presented at trial establishes that Officer Mercado was lawfully regulating traffic by blocking access to Huron Road for public safety at the time Krebs ignored Officer Mercado's order to stop and accessed Huron Road. In short, I believe Krebs disregarded substantial and justifiable risks by driving around the carefully positioned police vehicle, over the sidewalk, and onto the blocked roadway.
 

 {¶ 64} I recognize that Krebs testified that he did not observe Officer Mercado directing traffic or see Officer Mercado's commands to stop until after he turned onto Huron Road. However, whether Krebs saw Officer Mercado directing traffic or saw his command to stop goes to the weight of the evidence and is a matter left to the sound discretion of the trier of fact. While Krebs contends that he did not see Officer Mercado, he admits that he observed the police vehicle parked in the middle of the intersection before he decided to drive around the police vehicle and onto Huron Road. Furthermore, Officer Mercado testified that he was just 15 feet, or five yards, away from Krebs's vehicle when he signaled for him to stop. Under the totality of these circumstances, I would defer to the trial court's assessment of credibility and find that a reasonable trier of fact could conclude that Krebs was aware of Officer Mercado's presence and disregarded his lawful order to not turn onto the blocked roadway.
 

 {¶ 65} Furthermore, I am not convinced the state was required to prove that Krebs saw Officer Mercado directing traffic in order to prosecute the failure to comply offense. I believe a reasonable person would understand that a roadway is not accessible, pursuant to a lawful order or direction of a police officer, when an officer activates his or her vehicle's emergency lights and parks the vehicle in such a manner so as to intentionally block access to that roadway.
 

 {¶ 66} Accordingly, I would affirm Krebs's failure to comply conviction.